[906 NYS2d 582]

In the Matter of TIMOTHY J. SHEA II (Admitted as TIMOTHY JOSEPH SHEA II), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 3, 2010

### APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Fredda Fixler-Fuchs* of counsel), for petitioner.

*Timothy J. Shea II*, Syracuse, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

By judgment of the Supreme Judicial Court for Suffolk County in the Commonwealth of Massachusetts dated June 19, 2006, the respondent was disbarred in Massachusetts, effective 30 days after the date of entry, for violating a number of provisions of the Massachusetts Rules of Professional Conduct. The misconduct involved abandoning clients, failing to participate in the disciplinary process, and failing to comply with an order of temporary suspension. The respondent was admitted to the Massachusetts bar on January 19, 1993.

The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) was notified of the respondent's disbarment and served the respondent with a notice pursuant to 22 NYCRR 691.3 for the imposition of reciprocal discipline. In reply, the respondent asserted the defenses that the Massachusetts proceeding was so lacking in notice as to constitute a deprivation of due process, that there was such an infirmity of proof in the foreign jurisdiction that this Court could not accept its findings as final, and that the imposition of reciprocal discipline would be unjust. A hearing was held before Special Referee Lichtenstein on April 3, 2009. The respondent appeared pro se and made a statement on his own behalf, which essentially encompasses the aforesaid defenses. The Grievance Committee and the respondent submitted a stipulation of facts, which essentially consists of the record of the Massachusetts proceeding. The stipulation was admitted into evidence with the consent of both sides.

Massachusetts bar counsel commenced disciplinary proceedings before the Board of Bar Overseers by filing and serving a

petition for discipline dated November 7, 2005, containing four counts of misconduct. As set forth in the petition, the respondent was retained by Charles Schuft and John Poulton in April 2004 to research and prepare a provisional patent application for their invention and to draft an accompanying confidentiality agreement for presentation to potential manufacturers. The respondent's estimated total fee for these services was $7,000 to $10,000. The retainer agreement called for payment of the sum of $10,000 to be held in the respondent's IOLTA account with compensation at the hourly rate of $300 and monthly fees and expenses to be invoiced to the client and deducted from the retainer. By the end of June 2004, the respondent had intentionally converted at least $4,073 of the retainer beyond his legitimate legal fees and costs.

At a June 15, 2004 meeting, the respondent showed Mr. Schuft a two-page document he had drafted in connection with the patent applications and indicated that the lengthy completed applications would be ready by July 1, 2004. The respondent took no further action and failed to reply to the client's communications. Mr. Schuft retained another attorney and, in August 2004, that attorney wrote to the respondent seeking to secure the file from the respondent and to obtain the balance of the retainer as well as a final bill and accounting. The respondent failed to reply.

Mr. Schuft again wrote to the respondent on September 9, 2004, seeking the return of his file and the balance of the retainer. The respondent failed to reply and never sent Mr. Schuft the file, a completed patent application, or a confidentiality agreement. Nor did he refund any portion of the retainer or account for his use of funds.

In response to bar counsel's inquiry into the complaint filed by Mr. Schuft, the respondent sent a purported invoice dated July 1, 2004, for services he claimed to have rendered on his clients' behalf. Between December 15, 2004 and March 29, 2005, bar counsel made repeated requests for complete documentation. The respondent failed to comply.

On April 5, 2005, bar counsel filed a petition for administrative suspension in the Supreme Judicial Court for Suffolk County, Massachusetts, based on the respondent's failure to provide the requested information. On April 15, 2005, the court directed that the respondent be administratively suspended for his failure to cooperate in bar counsel's investigation. The respondent failed to notify clients of his suspension and failed to submit an affidavit of compliance with the court's order.

In July 2004, Lois MacDonald had contacted the respondent with respect to obtaining a trademark and registration for Confetti Bay Umbrella Co., Inc. (hereinafter Confetti). The respondent sent Ms. MacDonald a list of proposed classes of goods and services under which the Confetti trademark might be sought, and recommended that she file a trademark application under seven such classes, with total filing fees of $2,345. The respondent quoted legal fees of $1,500 for the seven classes and $500 for the logo registration. When Confetti sent the respondent advance payment for the filing fees, the respondent deposited that check into his business account and later withdrew those funds and intentionally used them for his personal and business obligations. The respondent took no action to file the trademark applications.

On December 23, 2003, Maura Doherty signed an engagement letter for the respondent to review her company's Web site to ensure its conformance with its trademark registration and to prepare an affidavit for filing with the United States Patent and Trademark Office by March 4, 2005. The agreement called for Ms. Doherty to pay a $5,000 retainer, which the respondent would hold in his IOLTA account. The respondent would bill $275 per hour, plus a flat fee of $500 and expenses, and monthly fees and expenses to be invoiced and deducted from the retainer. After depositing the $5,000 retainer check into his IOLTA account, the respondent withdrew the sums of $4,500 and $494.44 from that account, and used those funds for unrelated personal and business expenses. The respondent thereafter failed to reply to Ms. Doherty's requests for updates and never returned any portion of the retainer.

On April 6, 2005, Ms. Doherty's company filed a complaint with the Office of Bar Counsel. The respondent failed to reply.

The respondent failed to file an answer to the petition in a timely manner. By letter dated December 2, 2005, the Board of Bar Overseers notified the respondent that the allegations of the petition had been admitted and that he could move for relief from default on or before December 22, 2005. Upon the respondent's failure to do so, the Board of Bar Overseers notified the respondent that the matter would be placed on the February 13, 2006 agenda for final deposition, and that the parties could file a memorandum on disposition by January 11, 2006. The respondent failed to do so, or to otherwise contact the Board of Bar Overseers. Bar counsel recommended the respondent's disbarment.

On March 20, 2006, the Board of Bar Overseers voted, upon the respondent's default, to disbar the respondent for misconduct which included abandoning his clients, failing to participate in the disciplinary process, and failing to comply with the order of temporary suspension.

In the reciprocal proceeding, the Grievance Committee called the respondent as a witness and secured his admissions that he had failed to advise this Court of his Massachusetts disbarment, as required by 22 NYCRR 691.3 (e), and never took appropriate steps in the Massachusetts proceeding to vacate his default. The respondent then made a statement on his own behalf.

The respondent submits that he is not a venal person and never intended to defraud his clients. He maintains that it was his ability to attract and satisfy clients that enabled him to open his own practice in order to better attend to his familial responsibilities in light of his now ex-wife's severe mental illness. Besides the three clients who filed complaints against him, the respondent submits that he was serving other clients who were satisfied with his work. The reason he instituted a policy of requiring retainers was for his own protection inasmuch as he had been badly "burned" previously by two clients who went out of business, and owed him more than $25,000. Those losses could not be written off or recovered by lawsuit.

In his verified statement in response to the notice pursuant to 22 NYCRR 691.3, the respondent acknowledged that he could have been more diligent in following up with clients regarding outstanding information which was required of them. He admitted that he was not blameless in the events which led to the three complaints against him and could have done a much better job of maintaining records of each client's balance in his retainer account.

The Special Referee concluded that the respondent's failure to respond to requests by the Massachusetts disciplinary authorities for his escrow records in one case and to provide any information at all with respect to the other two complaints would alone be sufficient to justify the imposition of reciprocal discipline. In addition, the Special Referee noted that the respondent failed to comply with the order of administrative suspension and failed to apprise this Court of his Massachusetts disbarment, as required by 22 NYCRR 691.3 (e).

The Special Referee properly accorded full faith and credit to the determination of the Supreme Judicial Court for Suffolk County in the Commonwealth of Massachusetts. Based on the

record before us, the Grievance Committee's motion to confirm the Special Referee's report is granted and the respondent's cross motion to disaffirm is denied.

The respondent asserts that he is currently retired from the practice of law, has no intention of resuming practice, but has presented his defenses "as a matter of honor and reputation." He requests that any discipline imposed not exceed suspension in New York pending determination of his application for reinstatement in Massachusetts, which he will file in June 2011.

The respondent's contentions notwithstanding, he appears to lack an appreciation of the severity of the charges and fails to take responsibility for his conduct. Under the totality of circumstances, the respondent is disbarred in New York based on his disbarment in Massachusetts.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and FISHER, JJ., concur.

Ordered that the petitioner's application is granted and the Special Referee's report is confirmed; and it is further,

Ordered that the respondent's cross motion to disaffirm the Special Referee's report is denied; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Timothy J. Shea II, admitted as Timothy Joseph Shea II, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Timothy J. Shea II, admitted as Timothy Joseph Shea II, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Timothy J. Shea II, admitted as Timothy Joseph Shea II, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Timothy J. Shea II, admitted as Timothy Joseph Shea II, has been issued a secure pass by the

Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).